ORIGINAL

1  MELANIE PANZONE
   86 Addison Road
2  Flat 7
   London
3  W14 8ED
   United Kingdom
4  Email: Melanie.Panzone@mapanzone.com
   Tel: +44 207 602 0477
5
   Pro Se
6
                                    E-filing
7

8            UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11 | MELANIE PANZONE, an individual,   | Case No. CV-10 2720 EMC
12 |     Plaintiff,                    | COMPLAINT
13 | vs.                               | DEMAND FOR JURY TRIAL
14 |
15 | WACHOVIA BANK, NATIONAL
   | ASSOCIATION, WELLS FARGO BANK,
16 | NATIONAL ASSOCIATION; and DOES 1
   | through 10, inclusive
17 |     Defendants.

FILED 2010 JUN 22 P 12:12

Case No.:                                              COMPLAINT

Plaintiff, Melanie Panzone, complaining of Defendants, states as follows:

1. Plaintiff Melanie Panzone ("Plaintiff") is a United States citizen and resident of London, England.

2. On information and belief, Defendant Wachovia Bank, National Association ("Wachovia") is a national banking association with its principal place of business in Charlotte, North Carolina during the relevant time frame. Defendant Wachovia is a financial services company and provides services in the United States and internationally. Wachovia is an "employer," as defined by § 701(b) of Title VII, 42 U.S.C. § 2000e-(b).

3. On information and belief, Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a national banking association with its principal place of business in San Francisco, California. Defendant Wells Fargo provides banking, insurance, investments, mortgage and consumer finance across North America and internationally.

4. On information and belief, Wells Fargo acquired Wachovia and all its obligations as of March 20, 2010 when Wachovia was merged with and into Wells Fargo.

5. <u>Jurisdiction and IntraDistrict Assignment:</u> This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b)(1) because Defendants reside in this district and have their principal office and principal place of business here. The case is appropriately brought in the San Francisco/Oakland division of this Court because defendants reside in San Francisco as set forth above.

6. In or about July 2007, Plaintiff was hired by Defendant Wachovia's London Branch as Assistant General Counsel in the Legal Department. Her hiring discussions were with her future manager, Mr. Raman Dinesh, Senior Counsel, EMEA, Corporate and Investment Banking, for Wachovia's London office. In her position, Plaintiff's primary duties focused on Wachovia's real estate department, debt capital markets department, and regulatory concerns. As mutually agreed upon, Plaintiff began her employment in October 2007.

7. Prior to Plaintiff's beginning employment with Defendant Wachovia, Plaintiff executed a Contract of Employment with Wachovia, dated July 31, 2007 (the "Contract").

8. Paragraph 6 of the Contract gives Plaintiff eligibility to participate in Wachovia's bonus scheme. Plaintiff's hiring manager, Mr. Dinesh, represented in Plaintiff's hiring process that her bonus could be up to 75% of her base salary. Bonus payments, determined on a fair and consistent basis, are an express and/or implied provision of Plaintiff's contract.

9. Throughout her employment, Plaintiff performed exemplary work for Wachovia.

10. Despite Plaintiff's exemplary work, she was subjected to harassing and hostile work environment based upon her gender, which, as described more fully below, included yelling at Plaintiff and hanging up the phone on her, giving her false deadlines to keep her in the office until the early hours of the morning, excluding her from key projects, and otherwise treating her differently from similarly-situated male co-workers.

11. Plaintiff complained about the discriminatory and harassing treatment, but was told by her manager to "work it out" with the employees who were engaging in the unlawful conduct.

12. As part of the discrimination and harassment, and in retaliation for her complaints about unlawful conduct, Plaintiff was informed in February of 2008 that her probationary period was being retroactively extended. Plaintiff's probationary period had, in fact, expired over a month earlier, and Plaintiff's contract did not allow Defendant to retroactively extend the probationary period.

13. As part of the harassment and discrimination and in violation of Plaintiff's contract and Defendant Wachovia's representations upon her hire, Plaintiff was denied a bonus, even though bonuses were paid to similarly-situated male employees.

14. As a culmination of the harassment and discrimination, and in retaliation for Plaintiff's complaints about harassment and disparate treatment, Defendant Wachovia terminated Plaintiff's employment on or about March 31, 2008, effective immediately. At the time she received notice of her termination, Plaintiff had been employed by Wachovia for approximately six months.

15. Under the terms of Paragraph 13 of the Contract, Plaintiff was entitled to either three months' notice of termination or three months of pay. Defendant Wachovia failed to

2

1  provide Plaintiff with either the required notice or three months of pay as required by her
2  contract.

3      16.    Plaintiff is entitled to three months of her annual salary, which was £100,000
4  ($200,000) annually, plus the value of her employee benefits during that three month period
5  which would have totaled approximately £1,750 ($3,500) plus valuable tax benefits. At the time
6  of Plaintiff's termination, three months of notice pay would have been approximately £25,000 or
7  $50,000.00.

8      17.    Plaintiff has sustained damages as a result of the harassment and discrimination.
9  Wachovia's conduct has caused Plaintiff substantial economic harm, including but not limited to
10  (i) reduced future earnings capacity; (ii) reputational harm; and (iii) lost income, including non-
11  payment of her bonus for 2008, back-pay and front-pay.

12      18.    In addition, Plaintiff has suffered emotional distress as a result of Wachovia's
13  conduct.

14      19.    Plaintiff has further sustained damages due to Defendant Wachovia's breach of
15  contract, including, but not limited to three months notice pay, the value of three months of
16  benefits, and the value of the bonus Plaintiff was denied. Plaintiff filed a timely charge of
17  discrimination with the Equal Employment Opportunity Commission. The Commission issued
18  to Plaintiff a notice of the right to sue on March 24, 2010. A true and accurate copy of the
19  notice of the right to sue is attached hereto as Exhibit A.

20      20.    This action is filed within 90 days of receipt of the notice of the right to sue.

<b><u>FIRST CLAIM FOR RELIEF</u>:<br><u>BREACH OF CONTRACT</u></b>

21.    Plaintiff hereby reasserts and reincorporates paragraphs 1-20.

22.    The Contract is a valid and enforceable contract between Plaintiff and Defendant Wachovia.

23.    Plaintiff's probationary period under her contract was required to end after three months of employment. Defendant Wachovia retroactively attempted to reinstate the probationary period after it has expired, in violation of Plaintiff's contract.

3

Case No.:                                       COMPLAINT

24. Wachovia further breached the Contract when it failed to provide the required notice of termination to Plaintiff or provide Plaintiff with three months' pay in lieu of notice, and when it failed to pay Plaintiff a bonus.

25. Plaintiff is entitled to three months' pay, totaling £25,000, or approximately $50,000.00, and is entitled to the value of her employee benefits during that three month period, totaling approximately £1,750, or $3,500, and to the value of the bonus received by similarly-situated employees, plus pre-judgment interest on those amounts.

### SECOND CLAIM FOR RELIEF
### TITLE VII VIOLATION

26. Plaintiff reasserts and reincorporates Paragraphs 1-25.

27. Plaintiff was subjected to harassment and discrimination based on her sex during her employment with Wachovia. She was further subjected to retaliation when she complained about unlawful treatment.

28. Specifically, Klaus Betz-Vais, the then- Vice President of Wachovia and Maitland Bruce, a Managing Director who then headed the real estate department of Wachovia, repeatedly and unlawfully discriminated against and harassed Plaintiff in the scope of their employment.

29. Mr. Betz-Vais treated Plaintiff differently than he treated Plaintiff's similarly-situated male co-workers.

30. Mr. Betz-Vaiz was particularly perturbed by the fact that Plaintiff had a child and went out of his way to maliciously interfere with Plaintiff's childcare obligations. For example, Mr. Betz-Vais falsely claimed that Plaintiff needed to meet urgent client deadlines, keeping her in the office until late in the night. In fact, no such deadlines existed.

31. In addition, Mr. Betz-Vais demonstrated his hostility toward Plaintiff by yelling at her and hanging up on her when she telephoned.

32. In January 2008, Plaintiff complained to her supervisor, Mr. Dinesh, about the harassment and discrimination – specifically, that Mr. Betz-Vais had been discriminatorily denying her the opportunity to work on transactions within her job responsibilities and instead, had been giving her assignments to a male lawyer junior to Plaintiff in the Legal Department.

33. Also, in February 2008, Wachovia brought in a junior male attorney and assigned him a majority of Plaintiff's previous work. As a result, Plaintiff was excluded from a number of important projects which would have potentially advanced her career within the organization.

34. Beginning as early as November 2007, Plaintiff repeatedly objected to her managers' discriminatory conduct in communications with Mr. Dinesh. She informed him of Mr. Betz-Vais' campaign to harass and demean her while she attempted to perform her job. She also objected to the fact that Mr. Betz-Vais assigned her fictitious and unreasonable deadlines which would interfere with her childcare obligations, obligations she had informed Wachovia about at the time of her hire and received express assurances would be reasonably accommodated. Also, as previously mentioned, in January 2008, she objected to the fact that Mr. Betz-Vais was stripping her of her assignments and giving them to a junior male attorney. She repeatedly sought the help of Mr. Dinesh and Beth McGrath, a Human Resources Representative in Wachovia's London office.

35. On February 21, 2008 – after Plaintiff's complaints of discriminatory treatment and 42 days after her probationary period expired under her Contract – Wachovia unilaterally decided to extend her probationary period retroactively, which was not allowed by her Contract.

36. Wachovia also failed to properly take action in response to Plaintiff's complaints, suggesting instead that she sit down privately with Mr. Betz-Vais and that they "work it out" among themselves. Plaintiff ultimately said that she was uncomfortable with such a meeting given Mr. Betz-Vais' prior behavior, which included yelling at her at the top of his voice while in close quarters with her.

37. Because Plaintiff's complaints were not being adequately addressed, Plaintiff then inquired about the possibility of part-time work or working from home, as she felt her only option was to remove herself from the hostile work environment. Wachovia's personnel policies, in fact, allowed flexible work arrangements.

38. Rather than attempt to work with Plaintiff to address her legitimate concerns, Wachovia instead terminated her employment on or about March 31, 2008. In addition, it failed

to give her three months termination notice required by her contract and denied her the bonus to which she was entitled.

39. During her employment with Wachovia, Plaintiff experienced a hostile work environment based on her sex. She was subjected to unwelcome conduct based on her gender, which was sufficiently severe or pervasive to alter the terms and conditions of her employment and created an abusive work environment. Wachovia is vicariously liable for the conduct of Mr. Betz-Vais. It ratified his actions, and thus Mr. Betz-Vais' actions constituted the actions of Wachovia.

40. The conduct Plaintiff complained of interfered with her work performance so that Plaintiff was compelled to seek alternative work arrangements, such as part-time work or work from home. However, she was never given the opportunity to try an alternative work arrangement because she was unlawfully terminated shortly after her request.

41. Wachovia terminated Plaintiff based on her gender and in retaliation for her engaging in protected activity, specifically her complaints about a hostile work environment based on her sex – female – which is a violation of Title VII.

42. Plaintiff was qualified for the job from which she was discharged, and on information and belief, her position remained open to similarly qualified applicants after her termination.

43. Plaintiff is entitled to back pay, front pay, compensatory damages and punitive damages, plus pre-judgment interest, for the injury she sustained as a result of the hostile work environment she was forced to endure at Wachovia and as a result of the unlawful retaliation and discrimination she experienced at Wachovia when she was discharged based on her sex and her hostile work environment complaints.

**WHEREFORE**, Plaintiff Melanie Panzone respectfully prays the Court to:

1. Enter a judgment against Defendants for all damages caused by Defendant Wachovia's actions, including back pay, front pay and compensatory damages, plus pre-judgment interest;

2. Enter a judgment against Defendants for punitive damages under Title VII;

Case No.:     COMPLAINT

3. Enter judgment against Defendants for a permanent injunction requiring it to comply with the Constitution and laws of the United States;

4. Enter judgment against Defendants that Plaintiff have and recover from Defendants 3 months of pay, totaling approximately $50,000, and the value of her employee benefits during that three month period, plus pre-judgment interest, owed under the Contract;

5. Enter judgment against Defendants that Plaintiff have and recover from Defendants the bonus to which she was entitled under her Contract but was never paid, plus pre-judgment interest;

6. Enter judgment that Plaintiff have and recover from Defendants liquidated damages in an amount equal to the three months' pay and bonus payment that Defendants owe her and which is has delayed paying;

7. Enter a judgment that Plaintiff have and recover interest on the unpaid three months' pay and bonus payment, as allowed by law.

8. Enter a judgment that Plaintiff have and recover from Defendants the costs of this action, including reasonable attorney's fees; and

9. Enter a judgment that Plaintiff have and recover such other and further relief as the Court may deem just and proper.

DATED: June 22, 2010

By _____
MELANIE PANZONE
Pro Se

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

DATED: June 22, 2010

By _____
MELANIE PANZONE
Pro Se

7

Case No.: COMPLAINT